333 A.2d 116 (1975)
In re M. P.
No. 114-73.
Supreme Court of Vermont, Chittenden.
February 4, 1975.
Francis X. Murray, State's Atty., and Paul D. Jarvis, Deputy State's Atty., for the State.
Richard M. Hubbard, Stowe, for M. P.
Richard L. Brock and George E. Rice, Jr., Montpelier, for the mother.
Before BARNEY, C. J., and SMITH, KEYSER, DALEY and LARROW, JJ.
KEYSER, Justice.
This appeal is taken by the mother of M. P., a two-year-old girl, from an order of the District Court of Vermont, Unit No. 2, Chittenden Circuit. The court transferred legal custody, guardianship, and residual parental rights to Vermont Catholic Charities without limitation as to adoption.
*117 The proceedings below were initiated by a petition filed by the Deputy State's Attorney at the request of the Department of Social Welfare. The petition alleged that M. P. was without necessary parental care, control, or subsistence and was thus a "Child in need of care or supervision" under 33 V.S.A. § 632(12). A hearing on the merits of this petition was conducted on November 13, 1972, at which jurisdiction was established and testimony was received from the child's mother, who is unwed; the mother's two brothers; and a representative of Vermont Catholic Charities. At the conclusion of the hearing the court ordered that the mother undergo a psychiatric examination and continued the matter until such examination could be conducted. The court directed that the child remain in the interim at St. Joseph's Child Center, where it had been living since birth. This latter order followed the court's statement that "I don't feel the mother is capable of taking care of this child."
A second hearing, conducted on February 5, 1973, was primarily concerned with the report of Dr. William A. Woodruff, a psychiatrist who had examined the mother pursuant to the court's request. Dr. Woodruff was not able to attend the hearing, and the court inquired of counsel whether they would stipulate that the report could be treated as indicating what the doctor would have testified to had he been present. Appellant's counsel did not directly respond to this inquiry but proceeded instead to point out what he considered to be certain inconsistencies in the report. The record does not disclose that appellant's counsel ever stipulated to the contents of the report.
Towards the close of this second hearing, the court found that "the child is a neglected child within the meaning of the statute in that, at this time at any rate, based upon the testimony in the previous hearing on November 13, the child was without proper parental care or control, subsistence, education, medical or other care and control necessary for its well being." The subsequent written findings and order were entered on February 7, 1973, and this appeal followed. The mother challenges here the court's reliance on the psychiatric report, the finding of neglect, and the order divesting her of her residual parental rights. We reverse.
Proceedings of this nature are governed by the Juvenile Procedures Act found in Chapter 12 of Title 33. The Act provides for a hearing before the court on the merits of the petition at the close of which the court makes an order containing its findings thereon. There then follows a disposition hearing at which the court determines what course of action is consistent with the best interests of the child. Although the disposition hearing may, in some cases, be held immediately upon a finding of neglect, the hearing may be continued in order that the court may consider a special disposition report made by the Commissioner of Social and Rehabilitation Services and other pertinent information.
It is difficult to ascertain on the record before us if or when the proceedings below shifted from a hearing on the merits to a consideration of the disposition to be made. Although no findings were entered following the first hearing, the court's protective order was made pursuant to 33 V.S.A. § 661, which comes into operation when "an order of disposition of a delinquent child or a child in need of care or supervision has been or is about to be made ...." This language indicates a preliminary finding of neglect, yet the record discloses only the court's oral statement that "I don't feel the mother is capable of taking care of this child." No formal findings were entered, and all other indications are that the second hearing was to proceed on the merits of the petition, yet the court stated at this second hearing that its finding that the child was in need of care or supervision was based upon the testimony presented at the first hearing on November 13.
*118 This confusion gains significance when the final findings and order are examined in the context of the challenged psychiatric report. This report, which concluded that the mother was not capable of becoming a competent mother, was considered by the court although the authoring doctor was unavailable for cross-examination. It was thus clearly hearsay and would have been inadmissible at a hearing on the merits, for parties in a juvenile proceeding have the right to cross-examine witnesses who give testimony against them. In re Lee, 126 Vt. 156, 224 A.2d 917 (1966). Under Vermont law, however, even uncorroborated hearsay evidence may support a factual finding if admitted without objection. Montpelier v. Calais, 114 Vt. 5, 39 A.2d 350 (1944). No objection was made below.
We do not find this absence of an objection fatal to appellant's contentions here. The aforementioned confusion as to the status of the proceedings made it unclear as to whether the court below was using the report in its determination of the merits of the neglect allegations or in its consideration of the issue of proper disposition. This distinction is important here in view of the fact that the disposition proceedings permit, under 33 V.S.A. § 655, the introduction of written reports which would not be competent evidence in the initial hearing on the petition. For this and other reasons relating to differences in the nature of the two proceedings, an objection to certain evidence offered at a hearing on the merits might seem less compelling at a disposition hearing. Under the circumstances of this case, we find the absence of an objection both understandable and excusable.
The lower court's reliance on the hearsay report of Dr. Woodruff constituted prejudicial error, for the formal findings and order of the court reveal a reliance on the report both in the finding that the child is in need of care or supervision and in the disposition order transferring appellant's residual parental rights. The findings independent of the challenged report do not support a conclusion that the child is without proper parental care or subsistence, education, medical, or other care necessary for its well being, and this Court will no longer search the record for facts which support the ultimate finding of neglect. In re P. F., 133 Vt. ___, 329 A.2d 632 (1974). Courts must articulate the facts which bring the particular case within the ambit of the statute. In re J. M., 131 Vt. 604, 608, 313 A.2d 30 (1973).
We are simply unable to countenance a disposition order which transfers all residual parental rights under circumstances which have failed to afford a parent full due process of law.
Reversed and remanded for further proceedings consistent with this opinion.