# In re Y. B., Juvenile

[466 A.2d 1167]

No. 82-009

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed September 6, 1983

Motion for Reargument Denied September 21, 1983

*Andrew B. Crane,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant Mother.

*Martin & Paolini, P.C.,* Barre, for Defendant-Appellee Juvenile.

**Billings, C.J.** This appeal is brought by the mother of Y. B., a seven-year-old girl, from the disposition order of the Washington District Court sitting as a juvenile court. The court found Y. B. to be a child in need of care and supervision, 33 V.S.A. § 654, and transferred legal custody over her to the Commissioner of Social and Rehabilitation Services [SRS]. *Id.* § 656. On appeal, appellant claims that the standard of proof necessary for separating a child from its parents, set out in *In re N. H. (Juvenile),* 135 Vt. 230, 237, 373 A.2d 851, 857 (1977), was not met in this case.

On October 16, 1981, after an ex parte hearing during which a social worker testified that the girl had been maltreated by her mother, a temporary shelter care order issued transferring custody of Y. B. to the Commissioner of SRS. 33 V.S.A. §§ 639–642. A petition to declare Y. B. to be a child in need of supervision was filed on October 19, 1981, together with an affidavit alleging abuse and mistreatment, *id,* § 645; on that day a detention hearing was held. *Id.* § 643. Appellant, through counsel, entered a formal denial of the allegations in the petition, but stipulated to interim custody of Y. B. by SRS. Appellant's counsel made clear that her concession to further temporary state custody was not to be construed as an admission of any wrongdoing on her part. A second temporary custody order issued following that hearing.

A merits hearing on the petition was scheduled for November 3, 1981. *Id.* §§ 647–654. However, on that date all parties

to the proceeding filed a stipulation, tracking the statutory language, which simply stated that "[Y. B.] is without proper care necessary for her well-being at this time." See *id.* § 632(a) (12) (B). Appellant's counsel made clear to the court that by signing the stipulation appellant was in no way conceding responsibility for any of the harms alleged in the petition or affidavit. Moreover, upon accepting the stipulation the court advised appellant that it did not constitute "any kind of admission by you . . . that the reason [Y. B.] is without proper care is because of anything you have done." Appellant agreed that she had signed the stipulation without any special promises or coercion, and the court then entered a finding "based on the stipulation . . . that [Y. B.] is a child without proper care necessary for her well-being and is, therefore, a child in need of care or supervision." *Id.* § 654. No other evidence was taken and no further findings were made. Custody with SRS was continued pending a disposition hearing and the filing of a disposition report. *Id.* § 655.

On November 25, 1981, the disposition hearing was held. Neither the State nor Y. B. produced any witnesses. Instead, the State successfully introduced into evidence, over appellant's objection, the disposition report filed by SRS. Like the affidavit accompanying the petition from which portions of the report had been drawn verbatim, the report reiterated the allegations of abuse and consisted in large part of anonymous, multi-layered hearsay: comments allegedly made by Y. B. to her school nurse, which were relayed through an SRS intake worker to the SRS worker writing the report. In addition, the report contained one admittedly inaccurate allegation of abuse, and that portion was ultimately struck.

The only witnesses at the November 25 hearing were called by appellant and included herself, a social worker from whom appellant had voluntarily been getting counseling, and an SRS worker, by deposition, who had observed Y. B. and appellant during their visits together. Collectively their testimony indicated that, while there were certainly problems in the parent-child relationship, with continued counseling there was room for "guarded optimism" that the family might someday be reunified.

Counsel for appellant requested findings of fact, which the court denied, noting that there had been a stipulation and no

evidence at the merits hearing and that the disposition hearing had not adduced facts so much as opinions. The court felt it was "a bit ludicrous" to make findings of fact on the record before it, including the multiple hearsay of the disposition report. By way of a finding, however, "if it is a finding of fact," the court ruled that "sufficient progress has not been made by [appellant] from the time of the last hearing to the time of this particular hearing to feel that the child . . . is in such a position [to] be returned home." The court then ordered that legal custody of Y. B. be transferred to SRS until further order. *Id.* § 656(a)(3)(A). It is this order which appellant claims must be vacated.

If a child is found to be in need of care or supervision pursuant to § 654, the juvenile court is empowered by statute to: (1) permit the child to remain at home, subject to court-imposed conditions; (2) place the child under protective supervision; or (3) transfer legal custody, guardianship, or residual parental rights over the child to the Commissioner of SRS, an approved foster home or an approved child placement agency. *Id.* § 656(a). However, the legislature expressly provided that the purposes of 33 V.S.A. Chapter 12 are to be achieved "whenever possible, in a family environment, separating the child from his parents only when necessary for his welfare or in the interests of public safety." *Id.* § 631(a)(3). Recognizing such purpose, this Court held that, under § 656(a)(1), "the juvenile court is not free to weigh and compare the merits of various possible solutions free of any regard for compelling parental rights." *In re N. H., supra,* 135 Vt. at 237, 373 A.2d at 856. Rather, when the court seeks to take the child out of her parental home, it may do so only upon "convincing proof that the [parent] is an unfit parent, demonstrably incapable of providing an appropriate home for his [or her] child . . . ." *Id.*

Appellant argues convincingly that in this case there was no such proof of parental unfitness. Indeed, there was no competent evidence of parental unfitness whatsoever. There were allegations of unfitness in the form of anonymous hearsay, both in the affidavit accompanying the petition and in the disposition report, but in such form the allegations would clearly have been inadmissible at the merits hearing. *In re*

*M. P.,* 133 Vt. 144, 146–47, 333 A.2d 116, 118 (1975). Thus, although admissible at the disposition hearing, *id.*; 33 V.S.A. § 655, the hearsay allegations in the disposition report could not be used as a factual basis for determining parental unfitness under *In re N. H., supra.*

Aside from the disposition report, the only other evidence introduced at the merits hearing on November 3 was the stipulation. While providing ample basis for finding Y. B. in need of care or supervision, clearly that stipulation could provide no evidence of appellant's unfitness, for it was explicitly offered and accepted on condition that it not be used to justify a finding of any fault on appellant's part. Nor was there anything in the testimonial evidence offered by appellant at the November 25 disposition hearing which meets the standard of "convincing proof" of unfitness required by *In re N. H., supra.*

The State has the ability and duty to remove children from unfit parents. However, the rights of children and parents to relate to each other free of government interference is a basic liberty, *In re N. H., supra,* 135 Vt. at 236, 373 A.2d at 856, and cases cited therein, and will only be interfered with upon requisite proof of parental unfitness. In the case at bar the record is completely void of any proof that appellant was unfit and demonstrably incapable of providing an appropriate home. Absent such proof and findings, the disposition order must be vacated and the cause remanded for further hearings consistent with the views herein expressed.

*Disposition order vacated, cause remanded.*