494 A.2d 145 (1985)
In re B.L., J.L., and C.N., Juveniles.
No. 83-454.
Supreme Court of Vermont.
May 3, 1985.
*146 Helen V. Torino, Franklin County State's Atty., St. Albans, for plaintiff-appellee State.
Nancy E. Kaufman, Montpelier, and Charles S. Martin, Barre, for defendant-appellant mother.
Charon A. True, St. Albans, Richard A. Gadbois, Enosburg, for defendants-appellants fathers.
Steve Dunham, St. Albans, for defendants-appellees juveniles.
Before ALLEN, C.J., and HILL, UNDERWOOD, PECK and GIBSON, JJ.
HILL, Justice.
This case concerns the appeal from findings and orders entered in the district court, sitting as the juvenile court, relative to the care and custody of three minor children, and the parental rights of their natural parents. The court determined, in accordance with 33 V.S.A. § 654, that the three children were in need of care and supervision. The court subsequently held a hearing to decide the appropriate disposition for the three children. See 33 V.S.A. § 656.
Following that hearing, the court determined that custody of the children should be with the Social and Rehabilitation Services Agency (SRS), and that the parental rights of R.N., the children's mother, and J.L., Sr., the father of the two eldest children, should be terminated. Although custody of the youngest child, C.N., was transferred to SRS, the parental rights of H.B., *147 the child's natural father, were not terminated. The children's parents appeal the orders of the juvenile court. For the reasons stated below, we affirm.
The proceedings began in 1982, when an emergency detention hearing was held relative to B.L., the second eldest child. B.L. had arrived at a day care center covered with bruises, scratches and burns. He was subsequently hospitalized for these injuries. As a result of this incident, and the subsequent filing of a juvenile petition alleging that B.L. was a child in need of care and supervision, his mother stipulated that B.L. was such a child. Custody of B.L. was transferred to SRS and the parties stipulated that placement would be with the mother, and that she would receive services and counselling to aid her in rearing her children. In accordance with the terms of the stipulation, a review hearing was held in January of 1983. At this time, the parties again stipulated that custody would remain with SRS and B.L. would continue to be placed with his mother.
Shortly after the review hearing, R.N.'s youngest child, C.N., was hospitalized for a serious injury to his feet which had become infected. The State obtained an emergency temporary custody order for C.N. and for the eldest child, J.L. Petitions were then filed alleging that C.N. and J.L. were children in need of care and supervision, and a Motion to Amend Findings and Order with respect to B.L. was also filed. The juvenile court consolidated the cases and counsel were assigned to the fathers.
Following a merits hearing on the two petitions and the motion to amend, the court issued findings indicating that C.N. and J.L. were in need of care and supervision and that a change in circumstances had been established with regard to B.L. A disposition hearing followed to resolve the issues of the children's custody and the parental rights of their parents. At the disposition hearing, evidence was presented in the form of disposition reports by SRS and testimony on the fitness of the parents to have custody of and care for the children's needs. The court ultimately ordered the termination of the mother's parental rights in all three children, the termination of the parental rights of J.L., Sr., the father of the two older children; it transferred custody of C.N. to SRS without terminating his father's parental rights.
The appellants make five claims on appeal: First, the mother claims that the presiding judge should have disqualified himself because he had developed a bias against her. Second, the appellants claim that the court's findings of fact are not supported by the evidence. Third, the mother claims that the court erred in prohibiting visitation between her and her children during the pendency of the proceedings. Fourth, the mother claims that the court erred in failing to appoint a guardian ad litem for her. Fifth, the fathers claim that the petitions were constitutionally defective because they failed to allege that the fathers were responsible for the children being in need of care and supervision.

I.
The mother's first claim on appeal is that the presiding judge developed a personal bias against her and therefore should have disqualified himself. A request for disqualification was never made to the court during the proceedings. Any claim of error has thus been waived by the mother's failure to preserve the issue for appeal. See State v. Anderkin, 145 Vt. 240, 245, 487 A.2d 142, 144 (1984). "Where a claim of error has been waived, this Court will address it only when the circumstances indicate plain error has occurred." Id.; V.R.Cr.P. 52(b). The alleged error fails to rise to a level constituting plain error. We therefore will not address it.

II.
The mother's next claim on appeal is that the court's findings at the merits hearing are not supported by the evidence presented. She does not, however, contest the court's ultimate determinations that *148 two of her children were in need of care and supervision, and that a change in circumstances had occurred meriting a modification of the disposition of the third child. Any error which may have occurred concerning the court's findings at the merits hearing was thus harmless. We therefore decline to address these allegations.
H.B., father of C.N., the youngest child, claims that the evidence presented at the disposition hearing does not support a finding that he is unfit to have custody of C.N. He therefore alleges error in not placing C.N. in his custody.
We have stated that "the Juvenile Procedure Act ... provides the court with substantial leeway in framing a disposition order that will serve the purposes of the statute." In re N.H., 135 Vt. 230, 237, 373 A.2d 851, 856-57 (1977). However, the court "is not free to weigh and compare the merits of various possible solutions free of any regard for compelling parental rights." Id. Before a court may take action in contravention of a parent's right to relate to his or her child free from governmental intervention, it must have "convincing proof that [he or she] is an unfit parent, demonstrably incapable of providing an appropriate home for his [or her] child ...." Id.; see In re Y.B., 143 Vt. 344, 347, 466 A.2d 1167, 1169 (1983). The record reveals that the evidence presented at the disposition hearing concerning H.B.'s fitness was sufficient to support the court's findings, and its findings were sufficient to support its order transferring custody of C.N. to SRS. This claim of error is thus without merit.
J.L., Sr. elected not to file a brief and instead joined in the brief filed by H.B. Consequently, although J.L., Sr. has arguably raised the issue that the evidence presented at the disposition hearing was insufficient to support the court's order regarding him, he has failed to present us with support for this claim. We thus decline to address it. State v. Taylor, 145 Vt. ___, ___, 491 A.2d 1034, 1035 (1985); State v. Settle, 141 Vt. 58, 61, 442 A.2d 1314, 1315 (1982).

III.
The third claim on appeal made by the children's mother is that the court erred in prohibiting visitation between her and her children during the pendency of the proceedings. At the merits hearing, the court twice made the suggestion to SRS that there should be no contact between the mother and the children pending the conclusion of the hearings; however, there was no order by the court precluding visitation. Consequently, this claim of error is without merit.

IV.
The mother's next claim on appeal is that the court erred in failing to appoint a guardian ad litem to represent her. No request was made of the court to have a guardian ad litem appointed for R.N. At the beginning of the merits hearing, the court addressed an inquiry to R.N. to assure itself that she understood the nature and ramifications of the proceedings. As in the case of In re C.L. & D.L., 143 Vt. 554, 468 A.2d 563 (1983), the record in the present case does not reveal any "evidence which would have put the court on notice that she lacked the capacity to understand the nature of the proceedings." Id. at 559, 468 A.2d at 565 (quoting Morissette v. Morissette, 143 Vt. 52, 57, 463 A.2d 1384, 1387 (1983). Under the circumstances, the court had no responsibility, sua sponte, to appoint a guardian ad litem for R.N. See In re C.L. & D.L., supra.

V.
The final issue raised on appeal by the children's fathers is that the petitions alleging the children to be in need of care and supervision were defective because they failed to allege that the fathers were responsible for the alleged abuse or neglect. In In re N.H., supra, this Court noted that a child may be found to be in need of care and supervision without any *149 inquiry into the culpability of the child's noncustodial parent. Id., 135 Vt. at 235, 373 A.2d at 855. It is only at the disposition stage of the proceedings that the fitness of a noncustodial parent becomes an issue. See id. at 235-37, 373 A.2d at 854-56. The petitions filed by the State alleging abuse and neglect concerned only the issue to be resolved at the merits hearing of whether the children were in need of care and supervision. The fathers concede that they had notice of all the proceedings. At the disposition hearing, both fathers were present and represented by counsel. The fathers were thus afforded notice and an opportunity to be heard at the proceedings at which their parental rights were at issue. Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). Since their rights were not at issue at the merits hearing, and since the petitions only concerned issues to be resolved at the merits hearing, there was no error in the petitions failing to make allegations concerning the fathers.
Affirmed.