531 A.2d 909 (1987)
In re R.L., Juvenile.
No. 85-280.
Supreme Court of Vermont.
June 26, 1987.
*910 Nuovo & Marsh, Middlebury, for defendants-appellants.
Charles S. Martin and Susan Dunbar, Law Clerk, on the brief, Barre, for defendant-appellee.
Before ALLEN, C.J., and HILL, PECK, GIBSON and HAYES,[*] JJ.
GIBSON, Justice.
The parents of R.L. appeal from an order of the district court transferring care and custody of R.L. to the Commissioner of the Department of Social and Rehabilitation Services (SRS), with residual rights remaining with the parents. We affirm.
On April 19, 1985, the Addison District Court, sitting as a juvenile court, determined that R.L. was a child in need of care or supervision, after a hearing on the merits pursuant to 33 V.S.A. § 654(a). The court based its determination on the conclusion that R.L., "being subject to compulsory school attendance, is habitually and without justification truant from school." The court then scheduled a disposition hearing. Id. at § 654(b); § 656.
Shortly before the disposition hearing, a disposition report was filed with the court, pursuant to § 655. Prepared by a social worker for SRS, the report recommended transfer of custody to SRS because of the parents' chronic alcoholism, noting that the parents had been the subject of five juvenile court proceedings involving their other children since 1970, four of which were prompted by problems associated with alcoholism. The report noted that R.L.'s periods of truancy directly followed the parents' alcoholic episodes, and described the parents' behavior as following a pattern, in which intervention by SRS would result in a period of sobriety, when the home life would stabilize, only to deteriorate again into an episodic drinking phase, with profound abuse of alcohol by the parents. The report stated that the parents were caring and supportive when sober, and that there was no evidence of physical abuse, but concluded that their chronic alcoholism created an extremely unstable home environment for R.L., with a resultant deterioration in his home life and attitude toward school.
The parents contested the proposed disposition. In their prehearing memorandum and by argument at the disposition hearing, they contended that the State had not sufficiently demonstrated that they were unfit parents, and that transfer of custody, therefore, would be improper under In re N.H., 135 Vt. 230, 237, 373 A.2d 851, 857 (1977). In N.H., this Court held that the freedom of children and parents to relate to one another in the context of the family, free of governmental interference, is a basic liberty, and that a court must act with great care in deciding what type of intervention is appropriate. Id. at 236, 373 A.2d at 856.
At the beginning of the hearing, the court stated that the disposition report had been "filed" with the court, and ascertained that the parties had had an opportunity to review it. Thereafter, arguments of counsel centered primarily around the recommendations contained in the report. The report was never formally introduced into evidence, however. The only witness at the hearing was the social worker who had prepared the report. Called by the parents, she testified that the parents were presently sober and providing a supportive home environment. The parents' examination of the report's author did not challenge the substance of the report. Instead, the parents argued that the evidence supported only the less-drastic option of supervision *911 in the home rather than removal. See 33 V.S.A. § 656(a)(1), (2). The parents denied that there is an alcohol problem, refused to seek treatment, and denied any responsibility for the situation which led to the juvenile court proceedings. Following the hearing, the court found that R.L. lived "in periods of complete chaos, neglect and danger, followed by calmer periods of anxiety, fear and instability," and concluded that the State had met its "very heavy burden" of demonstrating that the parents were "incapable of providing an adequate home for this child."
The parents first contend on appeal that the court erred in relying on the disposition report because it was only "filed" with the court rather than admitted into evidence pursuant to 33 V.S.A. § 655(d). No objection was raised below, however, to the procedure followed by the trial court. Thus, the issue was not preserved for appeal. Kinney v. Johnson, 142 Vt. 299, 302, 454 A.2d 1238, 1241 (1982); DeGrechie v. DeGrechie, 137 Vt. 373, 374, 406 A.2d 385, 386 (1979).
Further, the report was discussed in detail at the hearing, with the parents in part basing their arguments against the proposed disposition, and for an alternative disposition, on the information contained in the report. The parents' preparation and submission of a pretrial memorandum in opposition to the proposed disposition indicates that the use of the report at the hearing was anticipated and its contents known in advance. Indeed, the record indicates that the parents examined the report's author at the disposition hearing and acquiesced in the court's consideration of the report. We conclude, in light of the record, that even if the issue had been preserved for appeal, the parents have not shown that they were prejudiced by the court's failure to ensure that the report was admitted into evidence or that the court's reliance on the report was "inconsistent with substantial justice." V.R.C.P. 61.
The parents next contend that the court erred in relying on hearsay evidence contained in the report in determining their unfitness to retain custody of R.L. They present two arguments why such reliance on hearsay evidence is improper. They first contend that the determination of parental unfitness must be made at the merits hearing, at which hearsay evidence is inadmissible. See In re Lee, 126 Vt. 156, 158-59, 224 A.2d 917, 918-19 (1966). Second, they assert that if the unfitness determination should be made at the disposition hearing, then hearsay evidence may not be relied upon as a matter of law as the basis for that determination.
With regard to their first contention, in In re L.S., 147 Vt. 36, 38, 509 A.2d 1017, 1019 (1986), this Court stated that
[b]ecause of the bifurcated nature of juvenile proceedings, the use of the merits findings to justify a disposition order transferring legal custody is inappropriate. The issue for determination at the merits hearing is whether the State can prove the allegations in the petition that a child is in need of care and supervision. 33 V.S.A. § 654(a). The issue at disposition is where to place a child found to be in need of care and supervision. 33 V.S.A. § 656.
This description of the statutory scheme indicates that the determination of parental unfitness, which triggers the transfer of custody away from the parents, must be made at the disposition hearing. See also In re M.B., 147 Vt. 41, 43, 509 A.2d 1014, 1016 (1986) ("Evidence concerning the appropriate disposition of the children is irrelevant to the issue of whether the children are in need of care and supervision, and should be excluded from the merits hearings.").
Turning to their second argument, that if the unfitness determination was correctly made at the disposition hearing, then hearsay evidence was improperly relied upon as a matter of law, it must be noted that this ground for appeal was not raised in the trial court. Rather, the parents there challenged the use of the hearsay evidence under only the first of their two arguments. An objection on one ground to the trial court does not preserve a claim of error on appeal based on other *912 grounds. Gardner v. West-Col, Inc., 136 Vt. 381, 385-86, 392 A.2d 383, 386 (1978). Hence, this claim has not been preserved for appeal.
Anticipating this assessment, the parents assert that In re M.P., 133 Vt. 144, 333 A.2d 116 (1975), established that a party need not object to hearsay evidence at the disposition hearing to preserve for appeal a claim of error in its use. Their reliance on M.P. is misplaced, however. M.P. holds that, in a child neglect hearing on the merits, a psychiatric report on a parent is inadmissible hearsay when the maker of the report is not available for cross-examination. Id. at 146, 333 A.2d at 118. The Court noted, however, that, under 33 V.S.A. § 655(d), the report would have been admissible in a disposition hearing, id. at 147, 333 A.2d at 118, and also observed that "even uncorroborated hearsay evidence may support a factual finding if admitted without objection." Id. at 146, 333 A.2d at 118. The Court ruled that the absence of an objection to the psychiatrist's report was not fatal in M.P. because there was no clear demarcation between the merits hearing and the disposition hearing and the trial court had relied on the report in its merits hearing finding that the child was in need of care and supervision. In the present case, the merits and disposition hearings were clearly separated, as contemplated by 33 V.S.A. § 654(b).
Further guidance on this question is provided by In re Y.B., 143 Vt. 344, 466 A.2d 1167 (1983). There, the trial court admitted a disposition report containing multi-layered, anonymous hearsay evidence, over the mother's objection. On appeal, we held that a determination of parental unfitness could not be based on such evidence. Id. at 347-48, 466 A.2d at 1169. Thus, hearsay evidence, though admissible under 33 V.S.A. § 655(d), may not be relied upon in determining parental unfitness where a proper objection has been made. Where, as in Y.B., a party seeks to exclude hearsay evidence from the court's consideration in a disposition hearing, the party must make its objection known to the court. See In re M.P., 133 Vt. at 146, 333 A.2d at 118. Here, the parents' failure to object to the introduction of hearsay at the disposition hearing served as a waiver of their claim that its use at that hearing was error.
When the disposition report is taken into consideration, as the trial court properly did, it is clear that the evidence supports the findings of the court, and that the detailed findings more than adequately support its conclusion that the parents are "unfit and demonstrably incapable of providing an appropriate home, and that separation is necessary for the child's welfare or in the interest of public safety." In re M.B., 147 Vt. at 45, 509 A.2d at 1017.
Affirmed.
NOTES
[*] Justice Hayes was present at oral argument but did not participate in this decision.