**In re T.R. and L.C., Juveniles
and
In re S.R. and C.R., Juveniles**

[653 A.2d 777]

No. 93-308

December 13, 1994. Mother and father appeal termination of residual parental rights to their children, S.R. and C.R. Mother argues that the family court's findings were clearly erroneous, that the State failed to make reasonable reunification efforts, and that long-term foster care was not considered. Father additionally contends that the Department of Social and Rehabilitation Services (SRS) failed to comply with the Indian Child Welfare Act's notice requirements, 25 U.S.C. § 1912(a), and that SRS failed to provide sufficient notice that it was seeking to terminate parental rights. Father also appeals termination of his residual parental rights to T.R. and L.C., his two other children from a previous relationship. He contends that absence of counsel for T.R. and L.C. during the disposition hearing and the court's failure to guarantee cross-examination of T.R. and L.C.'s foster mother require reversal.* We affirm.

SRS received custody and guardianship of T.R. and L.C. following their parents' stipulation to a finding that the juveniles were children in need of care or supervision (CHINS). SRS subsequently

___

* On appeal, SRS moved to strike father's arguments that SRS failed to provide sufficient notice regarding termination and that the trial court failed to guarantee cross-examination of the foster mother. Father, in turn, filed a motion to quash his former attorney's affidavit, which stated that he chose not to cross-examine the foster mother. In light of the disposition on the merits, we deny SRS's motion to strike and grant father's motion to quash.

petitioned the court for termination of residual parental rights. T.R.'s and L.C's mother voluntarily agreed to the termination of her rights and does not join in this appeal. Under the Indian Child Welfare Act, and based on the best information father could provide concerning his Indian parentage, SRS sent notice of the juvenile court proceedings to regional tribes, the United States Bureau of Indian Affairs, and the Canadian office for Indian and Northern Affairs. Responses indicated that father's Indian parentage and eligibility for tribal membership could not be established.

Before the evidentiary hearings on the termination of father's rights to T.R. and L.C. concluded, SRS filed a CHINS petition on behalf of the father's youngest children, S.R. and C.R. After the parents stipulated to a finding of CHINS, SRS recommended termination of parental rights to S.R. and C.R. The court consolidated the disposition hearings for all four children. When T.R.'s and L.C.'s attorney was absent one day, the court asked S.R.'s and C.R.'s attorney to assume representation for all four children. The guardians ad litem agreed. The family court found that the parents abused and neglected the children, failed to protect them, were hostile to SRS's intervention, and were unwilling to change even when faced with the prospect of permanently losing their children. It ordered the termination of parental rights to the four children.

We address mother's argument that the family court's findings were clearly erroneous, and the father's arguments that SRS failed to comply with the Indian Child Welfare Act and failed to provide sufficient notice that it was seeking to terminate parental rights. We decline to address the parents' other arguments because they did not raise them before the court below, and hence, they did not preserve them for appeal. *In re B.L.*, 145 Vt. 586, 590, 494 A.2d 145, 147 (1985).

We will uphold the court's factual find-

ings if, when viewed in the light most favorable to the prevailing party, they are "supported by reasonable or credible evidence, even if contrary evidence exists." *Community Feed Store, Inc. v. Northeastern Culvert Corp.*, 151 Vt. 152, 154-55, 559 A.2d 1068, 1069 (1989). First, the mother claims that the court premised many of its findings on misconceptions about battered women, leading, she argues, to an erroneous finding that she would not be able to resume her parenting duties in a reasonable time. During the hearings, the mother denied that she was a battered woman. Nonetheless, the court concluded that her relationship with the father had resulted in violence to herself and her children, and that she was, indeed, a battered woman. The court's findings and conclusion are substantiated by testimony regarding father's abuse towards mother, mother's resulting physical injuries, and her inability to make protecting her children a priority over her relationship with her husband. The court determined that there could be no real progress toward reunification until mother was able to acknowledge and avoid conduct that put herself and her children at risk. The court's finding that mother would not be able to resume parenting duties in a reasonable time was not clearly erroneous.

Second, mother claims that the court's findings were clearly erroneous because they lacked support. The only finding unsupported by the evidence is that the mother called the children names. There is ample evidence to support the court's other findings and to support the court's conclusion that termination of parental rights was appropriate. The court's unsupported finding was not critical to the outcome.

Finally, mother claims that the court ignored or overlooked testimony of several credible witnesses. The trial court is "entitled to draw reasonable inferences from the testimony it receives" and to judge witnesses' credibility. *In re Nash,* 158 Vt. 458, 462, 614 A.2d 367, 369 (1991). Mother refers to a parent educator who, she claims, "found much to be right about S.R.'s care." The overwhelming portion of the educator's testimony, however, expressed concern about the children's condition, and the court discussed that portion of the educator's testimony. No error occurred.

Mother also cites her cousin's testimony that father is the sole impediment to improving her parenting abilities. Although the court may have found some of the cousin's testimony to be credible, it was not required to find that all of his testimony was credible, particularly when the cousin may have been biased in mother's favor. See *id.* The court's conclusion that the parents were unlikely to resume parenting duties within a reasonable amount of time is amply supported by reasonable and credible evidence of the parents' abuse and neglect, their own destructive relationship, and resistance to counselling. *Community Feed Store, Inc.,* 151 Vt. at 154-55, 559 A.2d at 1069. The court's findings were not clearly erroneous.

Father contends that the family court failed to comply with the notice requirements of the Indian Child Welfare Act, 25 U.S.C. § 1912(a) (1994), during S.R.'s and C.R.'s termination proceedings. The Act requires that notice be sent to the parent or the Indian custodian and the Indian child's tribe, or the Secretary of the Interior if no one else can be identified, when "the court knows or has reason to know that an Indian child is involved." *Id.* SRS properly complied with these requirements, based on the best information of the children's ancestry that father could provide, during T.R.'s and L.C.'s termination proceedings. The court received responses indicating that the father, children, or ancestors could not be identified as tribal members, and consequently con-

cluded that they were not entitled to register as Indians under the Act. These responses made similar notice regarding S.R.'s and C.R.'s proceedings unnecessary. Because father did not provide additional information about his ancestry, the court had no reason to believe that S.R. and C.R. were Indian children under the Act.

Finally, although father did not preserve his argument that SRS failed to provide adequate and sufficient notice of its intent to terminate his parental rights to S.R. and C.R., *In re B.L.*, 145 Vt. at 590, 494 A.2d at 147, we caution SRS that recommendation of termination of parental rights on the last page of a disposition report may inadequately apprise parents of the gravity of the interests at stake. V.R.F.P. 3(a) recognizes "the seriousness of terminating parental rights and the need for adequate time for every party to adequately prepare for the hearing." Reporter's Notes, V.R.F.P. 3(a). SRS should notify the parents "that termination of parental rights in fact is being sought." *Id.*; see also V.R.F.P. 3(a) (requiring notice to be in writing and in the form of a petition, motion, or request). Notice should include an explanation of the consequences of such a determination, the parents' right to counsel, and the availability of state-provided counsel. There is no error here because the parents were represented by counsel and SRS's petitions regarding T.R. and L.C. gave adequate notice of the termination proceedings and its consequences before the two cases were consolidated.

*Affirmed.*