*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-204

NOVEMBER TERM, 2016

| | |
|---|---|
| In re K.C., Juvenile | } APPEALED FROM: |
| | } |
| | } Superior Court, Bennington Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 23-3-15 Bnjv |
| | |
| | Trial Judge: Cortland Corsones |

In the above-entitled cause, the Clerk will enter:

Mother appeals from a family court judgment terminating her parental rights to the minor K.C. She contends that the court erroneously failed to review the appropriateness of the case plan. We affirm.

The material facts may be summarized as follows. K.C. was born on March 27, 2015, one month after a trial court decision terminating mother's parental rights to her two older children. Shortly after her birth, K.C. was taken into custody by the Department for Children and Families (DCF) pursuant to an emergency care order based on the significant mental health and substance-abuse issues that supported the earlier judgment. K.C. was placed with the same foster family that had been caring for her two older siblings, and has remained there ever since.

Following a temporary care hearing on March 30, 2015, the court continued custody with DCF. At the hearing, DCF provided mother with set of recommended services and expectations to facilitate reunification, which included engaging in mental and health and substance abuse counseling, active participation in parent education, and attending all scheduled visits and appointments. Visits with K.C. were arranged for five days per week. In early June 2015, mother stipulated to an adjudication of CHINS.

A disposition plan was filed with the court on July 16, 2015, and a disposition hearing was scheduled for July 23, 2015. The plan proposed concurrent goals of reunification or adoption if mother failed to make significant progress, and incorporated the identical set of services and expectations for mother established at the earlier temporary care hearing.

At the scheduled disposition hearing in late July 2015, father's attorney indicated that there were several aspects of the case plan that father disagreed with, and requested a continued hearing to address them. Mother's attorney stated that there might be "a few minor things" to address on mother's behalf concerning the plan, but explained that they were "a matter of wording more than actual substantive disagreement." Accordingly, the disposition hearing was rescheduled to October 2015.

In the interim, mother's drug abuse increased and her mental health deteriorated rapidly. Although she had attended most of the scheduled visits with K.C. in April 2015, her visits declined precipitously that summer, and she ceased attending visits with K.C. entirely at the end of August 2015.

In September 2015, mother was incarcerated on violation-of-probation and drug charges. She was subsequently convicted, and received a sentence of 16-months-to-five-years to serve, with a minimum release date of January 2017 and a maximum release date of September 2020.

Mother's minimal participation in services from May through August resulted in the State's decision to file a termination-of-parental rights petitions in September 2015, and to recommend a disposition of adoption. The court held a hearing on the petitions over the course of two days, and issued a written ruling in June 2016. The court concluded that termination of mother's parental rights was appropriate at initial disposition given her ongoing failure to make any significant progress in addressing her substance abuse and mental health issues, her lack of any bond or relationship with K.C—who had spent her entire life with her foster parents and siblings—and the absence of any likelihood—given both her history and current incarceration—that mother could make sufficient progress to resume parental responsibilities within a reasonable time.[*]

On appeal, mother's sole contention is that the court "failed to review the appropriateness of DCF's case plan" before it terminated her parental rights. She maintains that the case plan was "suspect," citing her failure to make progress in her ability to parent either her two older children or K.C, and she asserts that, in proceeding to termination of parental rights at initial disposition before the court heard any objections to the plan, DCF "hijack[ed]" the process.

The claim is unpersuasive. First, contrary to her claim, the record reveals that mother did not raise any specific objection to the case plan at the first scheduled disposition hearing. Indeed, as noted, mother expressly disclaimed having any "substantive disagreement" with the provisions of the plan. Thus, the claim was not preserved for review. See In re R.L., 148 Vt. 223, 226 (1987) (holding that failure to raise objection below waives claim on appeal). Furthermore, mother has not identified any service, goal, or expectation that was inappropriately included within the case plan or erroneously excluded from the plan that allegedly impeded her progress toward reunification. Accordingly, mother has not shown that she was prejudiced in any respect by what she claims was a truncated process. See In re L.A., 154 Vt. 147, 157 (1990) (holding that we will not reverse judgment absent showing that error resulted in prejudice). Accordingly, we discern no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____

[*] The court also terminated father's parental rights. He has not appealed that decision.