VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      23-AP-359



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2024

Cheryl O'Donnell v. Hope Clough*

}   APPEALED FROM:
}   Superior Court, Orange Unit, Civil Division
}   CASE NO. 23-ST-00425
     Trial Judge: Elizabeth D. Mann

In the above-entitled cause, the Clerk will enter:

Defendant appeals a final order against stalking entered by the civil division.  We affirm.

Plaintiff and defendant are neighbors in Bradford, Vermont.  In May 2023, plaintiff filed a complaint for an order against stalking in which she alleged that defendant had been stalking and harassing her and had recently come onto her property and threatened her with a knife.

The court heard testimony from plaintiff and defendant at a final hearing and subsequently issued an order containing the following findings.  Plaintiff and defendant had an ongoing dispute over ownership of a right-of-way.  Defendant had repeatedly threatened to burn plaintiff's personal property, including a brush pile, a shed, a racecar trailer, and a car.  On more than one occasion, defendant cut small trees and brush on property that undisputedly belonged to plaintiff.  Defendant made other threats toward plaintiff and had repeatedly advanced toward plaintiff while holding sharp gardening instruments including a pruning saw.

The court found that these threats had led plaintiff to experience significant anxiety and emotional distress, and had caused plaintiff to relocate her garden, park her car in a different location, look out every window before exiting her home to make sure defendant was not present, monitor her property with surveillance video, and limit use of her yard to certain areas. The court therefore ordered defendant to stay away from plaintiff and to stay fifty feet away from the undisputed boundary line between their properties.

In a subsequent order issued in response to defendant's motion for reconsideration, the court clarified that it was not resolving the parties' property dispute and that the boundary line it had referred to in the previous order was the edge of the disputed right-of-way that was closest to plaintiff's property.  Defendant appealed to this Court.

When reviewing the trial court's decision in an abuse-prevention action, we will affirm the court's findings unless they are clearly erroneous, meaning that there is no evidence to support them.  Benson v. Muscari, 172 Vt. 1, 5 (2001).  We view the findings "in the light most

favorable to the prevailing party below, disregarding the effect of any modifying evidence." Coates v. Coates, 171 Vt. 519, 520 (2000) (mem.) (quotation omitted).

The trial court must issue an anti-stalking order against a defendant if it finds by a preponderance of the evidence that the defendant has stalked the plaintiff. 12 V.S.A. § 5133(d). Stalking means "to engage purposefully in a course of conduct directed at a specific person" that would "cause a reasonable person to[] fear for his or her safety" or "suffer substantial emotional distress." 12 V.S.A. § 5131(6). A "course of conduct" is defined as "two or more acts over a period of time, however short, in which a person follows, monitors, surveils, threatens, or makes threats about another person, or interferes with another person's property." Id. § 5131(1)(A).

On appeal, defendant first argues that the evidence was insufficient to support the court's findings and conclusions. Defendant argues that: the trial court failed to consider or give adequate weight to defendant's testimony that she only cut trees on her own property; there was inadequate evidence to support the court's finding that defendant threatened to burn items on plaintiff's property; and defendant testified that plaintiff, not defendant, had been the aggressor. The trial court's findings about defendant's conduct and threats are supported by plaintiff's testimony. Although defendant offered a different version of events, the court evidently did not find her testimony persuasive. "As the trier of fact, it [is] the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence." Cabot v. Cabot, 166 Vt. 485, 497 (1997). Because the court's findings are based on its assessment of the credibility of the witnesses, we will not disturb them on appeal.

The court's findings, in turn, are sufficient to support its conclusion that defendant engaged in stalking. The court found that defendant had, on more than one occasion, interfered with plaintiff's property, threatened to damage her property, and acted in a physically threatening manner toward plaintiff, and that this conduct caused plaintiff substantial emotional distress. These conclusions are supported by the findings and required the court to issue an order against stalking. See 12 V.S.A. § 5133(d).

Defendant further argues that her due process right to a fair hearing was violated because her attorney failed to have her testify during the hearing below and because plaintiff's attorney had a conflict of interest. These claims do not provide a basis to reverse the decision below. The record shows that defendant did testify at the hearing, for roughly the same amount of time as plaintiff. Moreover, defendant did not have a right to effective assistance of counsel in this proceeding. See State v. Clark, 164 Vt. 626, 627 (1995) (mem.) ("A claim of ineffective assistance of counsel rests on the constitutional right to counsel under the Sixth and Fourteenth Amendments. At a proceeding where there is no constitutional right to counsel, such a claim is inapplicable." (citation omitted)); see also, e.g., Emery v. Emery, No. 2006-299, 2007 WL 5313349, *1 (Vt. May 1, 2007) (unpub. mem.) [https://perma.cc/67QF-KRTU] (rejecting wife's argument that she received ineffective assistance of counsel in divorce proceeding and noting that "[a]part from showing a violation of due process in certain types of civil cases involving a constitutional liberty interest, there is no constitutional or statutory right to effective assistance of counsel in civil cases, and the only potential remedy is a malpractice suit against the attorney"). As for defendant's claim that plaintiff's attorney had a conflict of interest that should have disqualified her from representing plaintiff, defendant did not request the attorney's disqualification below and therefore has failed to preserve this claim for our review. O'Rourke v. Lunde, 2014 VT 88, ¶ 17, 197 Vt. 360 ("Generally, issues that are not presented to the trial court cannot be raised on appeal."); In re B.L., 145 Vt. 586, 590 (1985) (holding that failure to

move for disqualification of judge based on alleged personal bias constituted waiver of issue on appeal).

    Affirmed.

                                        BY THE COURT:


                                        _____
                                        Harold E. Eaton, Jr., Associate Justice


                                        _____
                                        Karen R. Carroll, Associate Justice


                                        _____
                                        William D. Cohen, Associate Justice