50

# In re R. J. C. (Juvenile)

[349 A.2d 899]

No. 97-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed December 2, 1975

*Michael J. Sheehan,* Windsor County State's Attorney, White River Junction, for the State.

*Mahady & Hudson,* White River Junction, for the parent.

*Amicus Curiae* brief filed for juvenile by *Alan S. Rome,* Juvenile Defender, Middlebury.

**Daley, J.** This is an appeal from a March 17, 1975, disposition order of the District Court of Vermont, Unit No. 6, Windsor Circuit, sitting as a juvenile court, which transferred the custody and guardianship of R.J.C. to the Vermont Commissioner of Social and Rehabilitation Services. A petition alleging that R.J.C. was in need of care or supervision was filed on September 24, 1974, and the child, then aged two and one-half years, was first placed with the commissioner as a result of an emergency detention order on October 7, 1974. At the merits hearing on October 28, the court determined that R.J.C. was in need of care or supervision based on a stipulation to that effect signed by the parties.

The March 17, 1975, disposition hearing was held well after the thirty-day limit required by 33 V.S.A. § 654(b), due to a continuation caused by a change in counsel. At the disposition hearing the State presented the testimony of two department social workers and also submitted two disposition reports to the court. 33 V.S.A. § 655(b). After hearing, the court ordered the transfer of custody and guardianship of the child to the State, but ordered that the residual parental rights remain with the biological parents.

The mother of R.J.C. takes issue here with the disposition order, alleging that the disposition reports relied on by the court below did not comport with the requirements of 33 V.S.A. § 655(b)(1)–(4). She argues also that there was insufficient evidence to support the transfer of custody and guardianship of her child to the State.

33 V.S.A. § 655(a) requires that the Commissioner of Social and Rehabilitation Services file a disposition report with the juvenile court. The report must include, as appropriate, an assessment of the child's needs, a description of the resources in his environment, a statement of the goals of treatment, and a recommendation as to the disposition of the case. 33 V.S.A. § 655(b). The two disposition reports filed in this case contain the required information. Mention was had in both reports of the child's present and future needs. There was a description of the home environment in the October report and details of his foster home setting in the January report. Finally, the October report set forth a statement of the goals of treatment and both reports contained disposition recommendations.

■ ■ While findings of fact are required to support a conclusion from the merits hearing that a child is in need of care or supervision, *In re J.M.*, 131 Vt. 604, 608, 313 A.2d 30 (1973), they are not required in disposition hearings where the termination of parental rights is not involved. See *In re P.F.*, 133 Vt. 64, 329 A.2d 632 (1974); 33 V.S.A. § 656. There was no error in the lower court's failure to issue findings to support its transfer of custody and guardianship to the State. The social workers' reports with the recommendations contained therein, and their testimony at the disposition hearing,

comprise adequate evidence to support the transfer order.

*Judgment affirmed.*