# In re J. R.

[509 A.2d 1012]

No. 83-271

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed March 28, 1986

*John J. Easton, Jr.*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Martin & Paolini, P.C.*, Barre, for Defendant-Appellant R. R. (father).

*Nancy E. Kaufman,* Montpelier, for Defendant-Appellee juvenile.

*C. R.,* pro se, South Burlington, Defendant-Appellant (mother).

**Allen, C.J.** This case is an appeal from a determination that a juvenile is in need of care and supervision, and from an order giving custody of the juvenile to Social and Rehabilitation Services (SRS).

The juvenile's mother first challenges the detention order issued pursuant to 33 V.S.A. § 643, which continued the juvenile's detention by SRS pending a hearing on the merits. The mother contends that she was not given notice of that hearing in compliance with 33 V.S.A. § 648(a). However, the service provisions of § 648 apply only where a party is "to be served with a summons." A summons is only required prior to a hearing on the merits. 33 V.S.A. § 647. Notice of detention hearings need only consist of a copy of the order for temporary care, "immediately delivered by a law enforcement officer to a parent . . . if they can be found." 33 V.S.A. § 641(b). A parent who has not been notified of the detention hearing may file an affidavit so stating, and thus obtain a second hearing. 33 V.S.A. § 643(b). The record here shows that the mother never filed such an affidavit, and appeared at the merits hearing one week later, represented by counsel. No objection was made at that time to the original detention order, nor was any objection made by the mother or her counsel at the disposition hearing, at which time a permanent custody order supplanted the original detention order. Accordingly, the mother's challenge to the original detention order is untimely.

The mother next challenges the merits order, claiming that the evidence presented at the merits hearing was hearsay, and that a portion of the hearing was conducted without her knowledge or presence. The record discloses that at the hearing, the mother, through her counsel, conceded that her children were in need of care and supervision. Her counsel stated, in the mother's presence:

> She is willing to admit to the fact that [J. R.] is in need of care and supervision . . . . Now, we believe that that should satisfy the Court that she's making a full and open admission . . . . So we ask that there be an adjudication of the child in need of supervision . . . .

At that point, the mother and her counsel chose to leave the hearing, which continued because the father had not conceded that J. R. was in need of care and supervision. Accordingly, the mother's challenge to the merits order is without merit.

Finally, the mother contests the disposition order, claiming that her consent to the granting of custody of J. R. to SRS was made as the result of false representations. The record is devoid of any evidence of any false representation. The mother's counsel stated at the disposition hearing that she "agrees with custody remaining with SRS" and that J. R. was "doing very well in the foster home she's in . . . ." The mother's challenge to the disposition order is without merit.

The father challenges only the court's failure to make findings of fact in connection with its disposition order. In *In re M. B., L. B. & G. B.*, 147 Vt. 41, 45, 509 A.2d 1014, 1017 (1986), this Court held that such findings are a prerequisite to a disposition order removing a child from its parents. Accordingly, this matter must be remanded for a new disposition hearing.

*The order finding J. R. to be in need of care and supervision is affirmed; the order granting custody to SRS is vacated and the matter remanded for a new disposition hearing. Custody shall remain with SRS pending the new hearing.*