# In re M. B., L. B. & G. B., Juveniles

[509 A.2d 1014]

No. 83-545

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed March 28, 1986

*Robert Andres* and *Gordon Gebauer*, Chittenden County Deputy State's Attorneys, and *Jeff Moskowitz*, Law Clerk (On the Brief), Burlington, for Plaintiff-Appellee.

*Nancy E. Kaufman*, Montpelier, and *Charles S. Martin*, Barre, for Defendant-Appellant.

**Allen, C.J.** This case is an appeal by P. B., the natural mother of three juveniles, M. B., L. B. and G. B., from orders of the juvenile court, finding the juveniles to be in need of care and supervision, and transferring custody to the Department of Social and Rehabilitation Services (SRS). P. B. claims that neither the findings of fact nor the evidence support the court's order at the merits stage; that the juvenile court erred in hearing placement recommendations from the State's witnesses during the merits hearing while excluding P. B.'s evidence concerning temporary placement with relatives; that the disposition order should have been supported by findings of fact; and that the evidence at the disposition hearing was insufficient to support the transfer of custody. We reverse and remand for a new disposition hearing.

Pursuant to 33 V.S.A. § 654, the court first held a merits hearing, during which evidence was presented on the issue of whether the children were in need of care and supervision. Following the court's conclusion that the children were, in fact, in need of care and supervision, the hearing resumed, pursuant to 33 V.S.A. § 656, to determine the appropriate disposition of the children. The court's order finding the children to be in need of care and super-

vision was accompanied by written findings of fact and conclusions of law; the court's disposition order, transferring custody of the children to SRS, was not.

The evidence presented at the merits hearing, and in the court's findings of fact, indicated that the children, aged 7 years, 3 years and 3 months, had been dressed in rags, were dirty, and were without proper footwear. They had been found on occasion to be unsupervised. Their living quarters were filthy, with a strong odor everywhere. M. B. and L. B. had head lice when taken into custody. One child was overactive and behind in her development, and neither parent was able to control the children. The father was unable to control his drinking, and physically attacked and abused the mother on more than one occasion, and verbally abused two of his children. The mother was afraid to leave the children alone with their father.

■ The evidence was sufficient to support the court's conclusion that the children were in need of care and supervision. That a child lives in a crowded and untidy home is not, standing alone, reason to find it without proper parental care. However, the evidence revealed conditions substantially departing from the norm. See *In re J. M.*, 131 Vt. 604, 608-09, 313 A.2d 30, 33 (1973). The court did not abuse its discretion in finding the children to be in need of care and supervision. See *In re R. S.*, 143 Vt. 565, 572, 469 A.2d 751, 755 (1983).

P. B.'s second claim concerns the admission during the merits hearing of testimony by two social workers to the effect that the children would be better off elsewhere than in the parents' home, and the exclusion of testimony by the father's brother and sister-in-law that they would be able to provide temporary custodial care for M. B., and that they would work with the father to encourage him to stay away from the family.

■ Evidence concerning the appropriate disposition of the children is irrelevant to the issue of whether the children are in need of care and supervision, and should be excluded from the merits hearing. Therefore, it was error to admit the opinions of the social workers. It was also error to exclude the testimony of the father's brother and sister-in-law that they "would be willing to work with [the father] . . . encouraging him to stay away from the family, to stay involved with the kids to a certain extent but to permit [the mother] to establish an independent household."

This evidence was relevant to whether the children were in need of care and supervision, and should have been admitted.

Finally, the proffered testimony concerning the possibility of M. B. living with her aunt and uncle was properly excluded at the merits hearing because it related to disposition. However, the court should not have included in its findings following the hearing at the merits stage that the parents had no place for the children to live. That determination is one to be made at the disposition stage. The finding was particularly inappropriate in view of the fact that the court refused to admit the parents' evidence that M. B., at least, had a place to stay.

Reversal is required only where the error complained of results in undue prejudice, not where it is harmless. *State* v. *Burnham*, 145 Vt. 161, 166, 484 A.2d 918, 922 (1984). It is clear from the other findings that the court's conclusion that the children were in need of care and supervision was not based upon the improperly admitted evidence concerning disposition. Nor can it be said that the erroneous exclusion of the father's relatives' testimony affected the outcome, in view of the remaining evidence. Unlike *In re M. W. R.*, 143 Vt. 6, 9, 458 A.2d 1132, 1133 (1983), the evidence at issue here was not "the crucial evidence" of either party.

■ P. B. next requests that this Court re-examine its earlier determination that the State need only demonstrate that a child is in need of care and supervision by a preponderance of the evidence. She argues that because a finding that a child is in need of care and supervision exposes "the parent to the full gamut of statutory options, ranging from dismissal of the petition to termination of parental rights," a higher standard than the preponderance of evidence should be adopted. A clear and convincing standard must be used in cases involving the permanent termination of parental rights. *Santosky* v. *Kramer*, 455 U.S. 745, 747-48 (1982); *In re A. D.*, 143 Vt. 432, 435, 467 A.2d 121, 123 (1983). The order here did not involve the permanent transfer of parental rights. It transferred custody to SRS, and the higher standard was therefore not mandated for determining whether the children were in need of care and supervision. *Id.*

■■ It is also argued that the disposition order should have been accompanied by findings of fact. Findings are required in an order following hearing on a petition alleging that a child is in need of care and supervision. 33 V.S.A. § 654(a). If the court determines that a child is in such need, a continuation of the hear-

ing is required for the purpose of determining disposition, 33 V.S.A. § 655, and the requirement for findings exists at this continuation of the hearing. As we have earlier stated, before a child may be removed from the parental home at the dispositional stage, there must be convincing proof and findings that the parents are unfit and demonstrably incapable of providing an appropriate home, and that separation is necessary for the child's welfare or in the interest of public safety. *In re Y. B.*, 143 Vt. 344, 348, 466 A.2d 1167, 1170 (1983); *In re T. L. S.*, 144 Vt. 536, 546, 481 A.2d 1037, 1043 (1984). It is crucial that findings indicate to the parties and to this Court, if an appeal is taken, what was decided and how the decision was reached. *In re L. R. R.*, 143 Vt. 560, 563, 469 A.2d 1173, 1175 (1983). The contrary holding in *In re R. J. C.*, 134 Vt. 50, 51, 349 A.2d 899, 900 (1975), is overruled.

■ Because the disposition order in this case is unaccompanied by findings of fact, it cannot stand. In view of the period of time which has passed since the disposition hearing, the juvenile court is directed to hold a new disposition hearing in order to determine the current circumstances of the parties. See *Custody of a Minor (No. 2)*, 392 Mass. 719, 727, 467 N.E.2d 1286, 1291 (1984); *In re Guardianship of R.*, 155 N.J. Super. 186, 195-96, 382 A.2d 654, 658-59 (1977).

*The disposition order is vacated and the cause remanded for a new hearing.*