509 A.2d 1017 (1986)
In re L.S., Juvenile.
No. 84-281.
Supreme Court of Vermont.
March 28, 1986.
*1018 Christopher D. Ekman, Franklin County Deputy State's Atty., St. Albans, for plaintiff-appellee.
Martin & Paolini, Barre, for defendant-appellant.
David W. Curtis, Defender General, and Henry Hinton, Appellate Defender, Montpelier, for defendant-appellee.
Before ALLEN, C.J., and HILL, PECK, GIBSON and HAYES, JJ.
HAYES, Justice.
This is a juvenile proceeding concerning the detention and subsequent disposition of a child found to be in need of care and supervision. The district court, sitting as a juvenile court, issued an order of disposition transferring custody of the infant to the Commissioner of Social and Rehabilitation Services (S.R.S.). The child's mother appeals. We vacate both the original detention order and the subsequent disposition order.
We do not reach the facts of this case, because the procedures revealed by the record establish reversible error.

I
Appellant argues that the trial court erred in failing to make findings of fact at the disposition stage of the proceedings *1019 regarding the mother's fitness to take care of the child. We agree.
The purposes of 33 V.S.A. chapter 12 are to be achieved "whenever possible, in a family environment, separating the child from his parents only when necessary for his welfare or in the interests of public safety...." Id. at § 631(a)(3). In the context of disposition hearings, this Court has held that "the juvenile court is not free to weigh and compare the merits of various possible solutions free of any regard for compelling parental rights." In re N.H., 135 Vt. 230, 237, 373 A.2d 851, 856 (1977). Instead, when a court seeks to remove a child from the parental home, it may do so only upon "convincing proof that the [parent] is an unfit parent, demonstrably incapable of providing an appropriate home for his [or her] child...." Id.
The record below is insufficient to establish the parental unfitness necessary to remove the child from the mother. The findings at the merits hearing do not meet the need for findings concerning disposition. Because of the bifurcated nature of juvenile proceedings, the use of the merits findings to justify a disposition order transferring legal custody is inappropriate. The issue for determination at the merits hearing is whether the State can prove the allegations in the petition that a child is in need of care and supervision. 33 V.S.A. § 654(a). The issue at disposition is where to place a child found to be in need of care and supervision. 33 V.S.A. § 656. The court has several options in making an order of disposition, depending upon what is "most suited to the protection and physical, mental and moral welfare of the child...." 33 V.S.A. § 656(a). The court may permit the child to remain with the parents, or place the child under protective supervision, or transfer legal custody to the Commissioner of S.R.S. or elsewhere. 33 V.S.A. § 656(a)(3). The legal preference is for the child to remain in a family environment. 33 V.S.A. § 631(a)(3).
No findings exist to indicate that appellant was unfit and demonstrably incapable of providing an appropriate home. Without such findings, the disposition order placing the child in the custody of the Commissioner of S.R.S. must be vacated and the cause remanded for further hearings consistent with the views expressed herein. See In re M.B., L.B. & G.B., 147 Vt. ___, ___, 509 A.2d 1014, 1017 (1986) (findings of fact must be made whenever a change in custody is ordered in a disposition proceeding).

II
Appellant also argues that the trial court failed to hold a timely hearing after an emergency detention order placed the juvenile in the custody of S.R.S.
An emergency detention order is subject to the statutory limitations of 33 V.S.A. § 643.
(a) Within forty-eight hours of the filing of an order of the juvenile court ... the court shall hold a detention hearing for the sole purpose of determining to the satisfaction of the court that the continued detention of the child would be to his best interests and welfare or that public safety and protection reasonably require such detention. The court may, in its discretion or upon good cause shown, grant an extension of the time within which such detention hearing shall be held, but for no longer than one additional period of twenty-four hours.

33 V.S.A. § 643 (emphasis added).
In this case, the court issued its emergency temporary order for detention on March 16, 1984, and set a detention hearing for March 19, 1984, within the seventy-two hour time limit mandated by 33 V.S.A. § 643(a). Over the objection of the mother's attorney, the court continued the matter for a further hearing two days beyond the seventy-two hour limit imposed by § 643(a). At that time, the court ordered that detention continue until the merits hearing.
*1020 The time limitations involved in juvenile judicial proceedings are to be strictly complied with.
This Court has previously stated that the time scheme of the Act must be complied with. A dominant concern on the part of the legislature in promulgating juvenile statutes is to provide for speedy resolution of disputes. In cases of juvenile detention it is important to place the children quickly in the safest and most suitable environment and to minimize the possible intrusion upon the parents' constitutional right to family integrity.
In re R.S., 143 Vt. 565, 569, 469 A.2d 751, 754 (1983) (citations omitted).
This Court has cautioned "against the indiscriminate use of continuances in juvenile cases. The important policies supporting the speedy resolution of juvenile proceedings outweigh the hardship imposed upon the parties by requiring them to prepare their cases on short notice." Id. at 570, 469 A.2d at 754.
The statutory scheme in 33 V.S.A. § 643 mandates a detention hearing within forty-eight hours after an emergency detention order has issued. The only provision for a continuance is for twenty-four hours. In this case, the court used up its one statutory continuance when it scheduled the original hearing within seventy-two hours. In the face of a specific objection by the mother, the court did not have discretion to grant another continuance. Thus, the court erred in granting a continuance, over objection, beyond the seventy-two hours of the emergency detention order. Because of the failure to follow the prescribed statutory procedure, the detention order must be vacated.
Finally, we note our disagreement with appellee's contention that any error that may have occurred in the detention proceeding is harmless. The detention issue is not moot. "Detention" is defined as "the temporary care of children ... pending court disposition." 33 V.S.A. § 632(a)(5) (emphasis added). Thus, a detention order determines a child's placement until final disposition. Because of our decision to vacate the court's disposition order, the detention order continues to determine custody. For the reasons stated in this opinion, however, no valid detention order exists.
Detention and disposition orders vacated, and cause remanded.