## In re T. D., Juvenile

[538 A.2d 176]

No. 85-100

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed December 4, 1987

*Jeffrey L. Amestoy,* Attorney General, and *Susan R. Harritt,* Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Martin and Paolini,* Barre, for Defendant-Appellant.

*Jane Watson,* Burlington, for Defendant-Appellee.

**Dooley, J.** The father and mother of T. D., a minor child, appeal a disposition order of the District Court, Chittenden Circuit, transferring legal custody of T. D. to the Commissioner of Social and Rehabilitation Services (SRS). We affirm.

In December of 1984, the court found that T. D., then six months of age, was a child in need of care and supervision because he was without proper subsistence, shelter and care necessary for his well-being. See 33 V.S.A. § 632(a)(12)(B). Specifically, the court found that the parents of T. D. were "entirely destitute and homeless" and were "living on the streets, trespassing in hallways for occasional warmth." It further found that the parents could not provide the child with shelter and had no plans to obtain shelter and that T. D. was without adequate clothing and was cold when with his parents.

After taking evidence at a disposition hearing in February, 1985, the court made oral findings as follows:

> [T]he mother and father of the juvenile appear to be entirely destitute and homeless; . . . they continue to be unable to provide the infant with any kind of help whatsoever
> . . . .

The findings were based in part on an SRS disposition report which was filed with the court but never admitted into evidence.

Based on these findings, the court awarded custody of T. D. to SRS and approved the plan of services and supervision offered by the SRS worker. The aim of the plan was to help the parents obtain a source of income so that they could establish a home for T. D.

The parents challenge the disposition order in two respects. First, they argue that it can not stand because it was based on an SRS report that was never offered into evidence. Second, they argue that the findings are inadequate to support the award of custody to SRS and the acceptance of the plan.

▉▉ The first argument has been addressed in the recent case of *In re R. L.,* 148 Vt. 223, 226, 531 A.2d 909, 911 (1987), where the court also accepted and filed the SRS report without admitting it into evidence. This Court affirmed for two reasons: (1) no objection was raised to the procedure in the trial court; and (2) there was no prejudice to the parents because they based their disposition arguments, in part, on the report. *Id.* at 226, 531 A.2d at 911.

The *R. L.* decision governs this case. Although the parents vigorously objected to the proposed SRS plan, they raised no objection to the procedure followed by the trial court. Thus, as in *R. L.,* the issue of the use of the report has not been preserved for appeal. Even if it had been preserved, the record shows no prejudice to the parents. They essentially conceded that custody would have to be transferred to SRS because they had no way to provide shelter to the child. Virtually all of the content of the report was repeated by the SRS worker in testimony. While the preferable practice is to admit the report into evidence to give parties an opportunity to object, there are no grounds for reversal here.

▉ The second argument is based on this Court's decision in *In re M. B.,* 147 Vt. 41, 45, 509 A.2d 1014, 1017 (1986), where we held that findings of fact must be made in support of any dispositional order that removes a child from the parental home so that we can determine "what was decided and how the decision was reached." *Id.* The findings must show "that the parents are unfit and demonstrably incapable of providing an appropriate home, and that separation is necessary for the child's welfare or in the interest of public safety." *Id.* See *In re Y. B.,* 143 Vt. 344, 348, 466 A.2d 1167, 1170 (1983); *In re T. L. S.,* 144 Vt. 536, 546, 481 A.2d 1037, 1043 (1984).

Appellants also rely on *In re L. S.*, 147 Vt. 36, 38, 509 A.2d 1017, 1018-19 (1986), decided the same day as *In re M. B.* In *L. S.*, we held that the findings at the merits hearing did not meet the need for findings at the disposition stage. *Id.*

The findings in this case, while brief, are adequate in view of the circumstances of the case. There was no need for the circumstances to be set forth in detail since the parents could provide no home at all for T. D. While the court could not use the merits findings to substitute for dispositional findings, there is no reason why it could not adopt the merits findings by reference and update them to account for changed circumstances where, as here, they went directly to the fitness of the parents to have custody of the child. There is nothing more the court had to say to demonstrate the reason for its order. Indeed, counsel for one of the appellants conceded at the dispositional hearing that there was "little choice but to transfer at least temporary custody to SRS."

*Affirmed.*