In re C.B., Juvenile

[644 A.2d 1294]

No. 93-269

May 12, 1994.

In June 1992, the State petitioned the family court to find C.B. a child in need of care and supervision (CHINS), alleging that C.B. had serious, painful, and untreated dental problems, and that her mother had struck her several times. After a merits hearing, the court adjudged C.B. a CHINS and placed her in the temporary custody of SRS. A disposition hearing commenced in September 1992, but was continued before any evidence was presented. The hearing eventually was held in May 1993.*

A disposition report, written in September 1992 and admitted into evidence without objection, reported (1) that R.B. had neglected C.B.'s dental needs, causing severe pain and noticeable disfigurement of C.B.'s teeth, (2) that R.B. had slapped and bruised C.B.'s face, and (3) "[t]hat [R.B.] has a severe substance abuse problem that has interfered with

---

* C.B. returned home in November 1992. She remains at home, although in SRS custody.

her ability to adequately supervise and parent her child." In its order granting continued custody to SRS, the court found that R.B. "has a severe substance abuse problem that has interfered with her ability to adequately supervise and parent [C.B.] and which has interfered with [C.B.'s] performance in school to the point where [C.B.] is failing in her school work."

An order granting custody to SRS for placement outside the parental home must rest on "convincing proof and findings that the parents are unfit and demonstrably incapable of providing an appropriate home, and that separation is necessary for the child's welfare or in the interest of public safety." *In re M.B.*, 147 Vt. 41, 45, 509 A.2d 1014, 1017 (1986). We will not disturb the court's findings of fact unless there is no credible evidence to support them. V.R.C.P. 52(a); *In re C.L.*, 151 Vt. 480, 484, 563 A.2d 241, 244 (1989). Hearsay evidence may be used by the court in determining a child's placement, *id.* at 487, 563 A.2d at 246, and the disposition report may be admitted and relied upon to the extent of its probative value. 33 V.S.A. § 5527(d).

On appeal, R.B. argues that there was no evidence to support the finding of a severe substance-abuse problem at the time of the disposition hearing, or to support the finding that substance abuse by R.B. was interfering with C.B.'s performance at school. The State contends that the findings are adequately supported by the testimony of the SRS caseworker and the disposition report. We disagree.

The disposition report dated September 1992 cannot support a finding that as of May 1993, eight months later, R.B. was suffering from a severe substance-abuse problem. Our decisions reflect the need for findings based on the current circumstances of the family. See *In re T.D.*, 149 Vt. 42, 45, 538 A.2d 176, 178 (1987) (permitting court to adopt by reference at

disposition hearing the merits findings bearing directly on fitness of parents "and update [the findings] to account for changed circumstances"); *In re M.B.*, 147 Vt. at 45, 509 A.2d at 1017 (remanding for lack of dispositional findings, and, noting time lapse since disposition hearing, requiring new disposition hearing "to determine the current circumstances of the parties").

The SRS caseworker testified that C.B. was failing in school, that R.B. had cooperated only minimally with SRS, that R.B. had failed adequately to comply with a family counselling program and with school "team" meetings designed to help the family, and that R.B. had not completed an individual substance-abuse counselling program. The caseworker also testified about an alcohol assessment report, which showed that R.B.'s "alcohol profile" had a score of over 50, her history showed three DWI's, and that "she has been a problem drinker which has gone into alcohol dependence mild."

None of this testimony establishes a severe substance-abuse problem as of the time of the disposition hearing. Indeed, the caseworker testified that the last report she had of any drinking by R.B. was the prior fall, and that "alco-sensor" tests conducted by the probation department had all been negative. R.B. herself offered unrebutted testimony that "I haven't had a drop to drink since my last DWI last May."

Further, there is nothing in the record linking R.B.'s alcohol problem with C.B.'s failures in school. The caseworker stated her belief that R.B. "has had something that was interfering with her parenting, whether it be alcohol or something else, I don't know, but . . . the [alcohol] assessment said she needed treatment." This, and the general statement that the lack of home support is the cause of C.B.'s failures at school, are insufficient to establish that R.B.'s alcohol problem is interfering with C.B.'s schooling. Cf. *In re R.L.*, 148

Vt. 223, 225, 531 A.2d 909, 910 (1987) (affirming transfer of custody to SRS where court took into consideration disposition report that "noted that R.L.'s periods of truancy directly followed the parents' alcoholic episodes"). Moreover, the testimony indicated that C.B. had had problems in school even when she was in foster care and that her school history always had been up and down.

The court's order is predicated on a finding of an existing severe substance-abuse problem interfering with R.B.'s ability to parent and with C.B.'s progress in school. The finding is unsupported by the record, however, and the order cannot stand. Inasmuch as the record is inadequate to allow the entry of an appropriate disposition order, we remand for a new disposition hearing.

*The disposition order is vacated and the cause remanded for a new disposition hearing.*