# In re S.M. and M.M., Juveniles

[655 A.2d 726]

No. 93-225

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed December 30, 1994

*Adele Pastor* of *Corsones and Corsones*, Rutland, for Appellant Children.

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Alexandra N. Thayer*, Assistant Attorney General, Waterbury, for Appellant SRS.

*Robert Appel*, Defender General, and *Henry Hinton*, Appellate Attorney, Montpelier, for Appellee Father.

*Kathleen De Veaux*, Rutland, for Appellee Mother.

**Gibson, J.** The Commissioner of Social and Rehabilitation Services (SRS) and juveniles S.M. and M.M. appeal from an order of the Rutland Family Court denying SRS's petition to terminate the residual parental rights (TPR) of the juveniles' parents. Appellants raise three claims on appeal: (1) in every dispositional review the court must consider the factors enumerated in 33 V.S.A. § 5540, even where the court does not find a substantial change of material circumstances; (2) the court erroneously concluded that no substantial change of circumstances existed as to father; and (3) the court erred by not considering mother's lack of progress in its change-of-circumstances analysis. We reverse.

In August 1990, SRS filed a CHINS (children in need of care and supervision) petition alleging that two-year-old M.M. and her one-month-old brother, S.M., had been physically abused by their parents, who also had failed to protect them from abuse. The court granted the petition in November 1990, finding the children CHINS. In January 1991, the court held a disposition hearing and transferred legal custody and guardianship of M.M. and S.M. to the Commissioner of SRS, who placed the children in foster care.

The court-approved case plan submitted by SRS originally called for the children's reunification with their parents. To achieve reunification, the plan of services required the parents to participate in parenting classes and to engage in mental health counseling. Throughout the next year, the parents completed various parenting

classes, and received counseling individually and together from a number of different service providers. Progress in therapy was slow, due in part to the parents' denial that they were responsible for their children's abuse.

In December 1991, SRS changed the case plan goal from reunification to termination so the children could be freed for adoption. A petition to terminate was filed in February 1992 for consideration during the eighteen-month dispositional review hearing. 33 V.S.A. § 5531. A hearing on the petition extended over thirteen days during November and December 1992. In February 1993, the court denied the request to terminate the parents' residual parental rights, concluding that SRS had failed to sustain its burden to show a substantial change of material circumstances. It found that after the children were placed in custody, there was never an extended period of time when one or both of the parents were not engaged in some kind of program contemplated by the case plan. It reasoned that due to father's progress, albeit irregular and limited to specific parenting strategies, his capacity to parent had not stagnated or deteriorated. The court further concluded that it need not address mother's progress relevant to a substantial change of material circumstances because it had already concluded, based on father's situation, that no change of circumstances existed. SRS thereafter filed a motion to reconsider and to amend the order, which the court denied in March 1993. SRS and the children appealed.

## I.

Appellants' first argument focuses on the extent of the family court's inquiry in considering whether to terminate residual parental rights during a dispositional review hearing pursuant to 33 V.S.A. § 5531. Appellants argued below that the court must address the best interest factors in 33 V.S.A. § 5540 whenever it considers termination during the § 5531 dispositional review. The court rejected the argument, and appellants raise it again on appeal.

Essentially, appellants ask this Court to collapse into one step the well-established two-step inquiry required in every post-disposition TPR hearing when the issue arises during an eighteen-month dispositional review. It is well settled that the family court must conduct a two-step analysis whenever it considers modifying an existing disposition order. *In re M.M.*, 159 Vt. 517, 521, 621 A.2d 1276, 1279 (1993); see 33 V.S.A. § 5532(a). First, the court must find a

substantial change in material circumstances. *In re B.W.*, 162 Vt. 287, 291, 648 A.2d 652, 654 (1994). If a substantial change in material circumstances is established, the court then must determine whether the best interests of the children require termination. *In re H.S.*, 161 Vt. 83, 86, 632 A.2d 1106, 1107 (1993). This analysis is required whether the court is considering a modification during a dispositional review or during a hearing on a motion to modify disposition. Compare *In re M.M.*, 159 Vt. at 520-21, 621 A.2d at 1279 (termination at eighteen-month dispositional review), with *In re D.B.*, 161 Vt. 217, 219, 635 A.2d 1207, 1208-09 (1993) (termination upon motion to modify disposition). Appellants' argument to the contrary is wholly unsupported by the law, and the trial court was correct in so concluding.

## II.

Appellants next claim that the family court erred in its determination that no substantial change of circumstances had occurred, thus preventing the court from assessing whether termination was in the children's best interests. First, appellants argue that the court applied an erroneous standard with regard to father's improved parenting skills and his progress in therapy. Second, appellants challenge the family court's conclusion that in finding no change of circumstances as to father, it did not have to consider whether mother's situation presented a change of circumstances. We take each of these claims in turn.

### A.

The family court found that father had shown progress in his ability to care for S.M. and M.M. In light of this progress, the court concluded that father's parenting had not stagnated, and therefore no change of circumstances had occurred. It defined "stagnation" as the "passage of time without improvement in parental capacity." The court further concluded that under this standard, SRS had failed to sustain its burden, and denied the TPR petition.

Most often, a substantial change in material circumstances is found when "'the parent's ability to care properly for the child has either stagnated or deteriorated over the passage of time.'" *In re B.W.*, 162 Vt. at 291, 648 A.2d at 654-55 (quoting *In re H.A.*, 153 Vt. 504, 515, 572 A.2d 884, 890 (1990)). Although stagnation may be found when the parent has made no improvement over time, see *id.* at 291, 648 A.2d at 655, some improvement will not preclude a finding that

the parent's capacity to care for the child has, indeed, stagnated. *In re D.B.*, 161 Vt. at 220, 635 A.2d at 1209. The central question is whether "the improvement substantially conformed with the expectations at the time of the CHINS adjudication and with SRS's case plan." *Id.* at 220, 635 A.2d at 1210. If the parent's progress meets the expectations, there is no change of circumstances. *Id.* If the improvement does not substantially conform with the established expectations, then the court may find a change of circumstances and proceed to the second prong of the inquiry – whether termination is in the children's best interests.

In the present case, the court specifically rejected the standard outlined here. Responding to SRS's suggestion that stagnation may be found if the parents fail to make sufficient progress after the time the children entered custody, the court erroneously stated that that standard was appropriate only for the second prong of the two-part inquiry. Because the family court misapplied the test for finding a change of circumstances, we reverse and remand for further proceedings.

## B.

■■ Appellants also challenge the court's order because it did not address whether a change of circumstances had occurred with respect to mother. In any termination proceeding, the family court must examine the circumstances of each parent individually. *In re H.A.*, 153 Vt. at 513, 572 A.2d at 889; see also *In re D.P.*, 147 Vt. 26, 32, 510 A.2d 967, 971 (1986) (Court reversed and remanded TPR order as to mother because it was not clear that court had applied correct legal standard with regard to her; Court affirmed order terminating father's residual parental rights). While one parent's improvement may prevent the court from finding a substantial change in material circumstances, the other parent's capacity may have stagnated or deteriorated, thus meeting the change-of-circumstances test. It was error for the family court in the present case to decline addressing mother's circumstances, and on remand, it should look at each parent individually in addressing both prongs of the two-part inquiry.

## III.

■ Finally, we address an issue that arose during oral argument before this Court. Since the court's February 1993 order, the record reflects no further dispositional reviews as required by 33 V.S.A.

§ 5531. We caution both SRS and the family court that an appeal does not obviate the need for the § 5531 review mandated by the Legislature to take place every eighteen months. It appears from this record that the eighteen-month time deadline has been violated. Roughly one year and eight months passed between the court's February 1993 order and oral argument before this Court. Due to the significant amount of time that has passed, the court should hold a new disposition hearing on remand to consider the parents' present circumstances in accordance with the standards set forth in this opinion. See *In re D.P.*, 147 Vt. at 32, 510 A.2d at 971.

*Reversed and remanded for new disposition hearing in accordance with this opinion.*