**In re L.H., Juvenile**

[682 A.2d 969]

No. 95-132

July 19, 1996. Father appeals from an order of the Windham Family Court declaring that his daughter is a child in need of care and supervision (CHINS) and transferring custody to SRS. We remand.

In March 1994, at the request of an SRS social worker, the Windham State's Attorney's Office filed a CHINS petition requesting the court to find defendant's 15-year-old daughter to be a child in need of care and supervision on grounds that the father had punched her in the mouth with a closed fist.

I.

Father moved to dismiss the petition on the ground that although no actual prejudice existed, the petition had not been

initiated upon the request of any person authorized by 33 V.S.A. § 5517(a). The statute states: "Upon the request of the commissioner of social and rehabilitation services, . . . the state's attorney . . . shall . . . file a petition alleging that a child is in need of care or supervision." The motion was denied. The court opined that the SRS social worker's power to initiate emergency procedures to remove a child from the home necessarily implied the power to request the state's attorney to initiate related CHINS proceedings.

Father argues that the CHINS petition was not properly before the court, because only the commissioner had the authority to bring it under 33 V.S.A. § 5517 and he did not effect a proper delegation of authority under 33 V.S.A. § 5502(b), which states: "The commissioner of social and rehabilitation services . . . may delegate any authority conferred on him by statute to any designee named by him in writing."

Father concedes, however, that the job description for a social worker included the statement that a social worker may "initiate emergency procedures to remove [a] child from the current living arrangement." Nevertheless, he contends that the word "initiate" should be construed to mean, not "to cause or facilitate the beginning of," Webster's Ninth New Collegiate Dictionary at 622 (1987), but rather to "inform[] her supervisor."

Defendant's construction is a strained reading of the plain language of the statute, and is particularly inapposite in the context of the working reality of a sizeable administrative agency. "Initiate" in the context of § 5502(b) reasonably describes the function of asking an enforcement agency to act. See, e.g., *Brooks v. Pool-Leffler*, 636 S.W.2d 113, 117 (Mo. Ct. App. 1982) ("initiate" in statute governing powers of Commission on Human Rights authorizes Commission to initiate complaint by requesting Attorney General to file discrimination complaint).

The father also contends that a job description cannot be a delegation of authority, because it does not name individuals in writing. 3 V.S.A. § 214, however, creates broader powers than 33 V.S.A. § 5502(b), by providing that "[a] . . . commissioner . . . may delegate any authority, power or duty other than a specific statutory authority of the office to a designee." Reading the two provisions harmoniously in light of the practical needs of SRS under the CHINS statute, we conclude the court's jurisdictional ruling was correct.

## II.

On the merits, we hold that the court did not abuse its discretion in ruling that L.H. was a child in need of care and supervision. The daughter's recantation did not bind the court, and that testimony was counterbalanced by the testimony of other witnesses and L.H.'s original testimony. The testimony of the nurse who treated L.H. was consistent with L.H.'s original testimony that she had been punched in the face by her father the night before.

## III.

The court also was correct in denying the father's motion for a new trial, based upon information purportedly obtained after conclusion of the merits hearing. The issue in question — L.H.'s credibility — was thoroughly presented to the court, and the father has not demonstrated that the court abused its discretion in denying his motion.

## IV.

Finally, father claims that this case must be reversed for want of written findings. We agree that written findings are necessary. As we held in *In re M.B.*, 147 Vt. 41, 44-45, 509 A.2d 1014, 1017 (1986), a disposition order removing a child from the parental home must be accompanied by findings of fact. Removal

cannot occur absent "convincing proof and findings that the parents are unfit and cannot provide an appropriate home, and that separation is in the child's best interest." *E.J.R. v. Young*, 162 Vt. 219, 225, 646 A.2d 1284, 1288 (1994). The rationale for findings is stated in *E.J.R.*:

> Our holding in *M.B.* on the issue of written disposition findings goes beyond what the parties choose to raise in requests for findings, and goes to the solemn responsibility the justice system owes to Vermont citizens when a child is to be removed from the parental home.

*Id.* It is also based on the statutory requirement of findings. Because the court failed to make written findings on this matter, we must remand. Almost two years have passed since the disposition order was issued in this case. If, despite the passage of time, the family court judge is capable of making findings on the original record, that remedy may be sufficient. See *id.* at 226, 646 A.2d at 1288. If not, a new disposition hearing may be required. See *M.B.*, 147 Vt. at 45, 509 A.2d at 1017.

*The order of the Windham Family Court adjudicating L.H. CHINS is affirmed and the matter is remanded for proceedings consistent with this opinion.*

**Morse, J.**, dissenting. Because I believe the absence of written findings does not justify remanding this case, I respectfully dissent. The court adopted the disposition report and plan, which laid out in detail the justification for removing L.H. from the home. There is no doubt about the basis of the court's decision. Cf. *In re T.D.*, 149 Vt. 42, 44, 538 A.2d 176, 177 (1987) (written findings necessary to enable Court to determine what was decided and how decision reached). The court explicitly explained its rationale during the course of the disposition hear-

ing, finding that transferring custody to SRS was necessary, at least temporarily, for L.H.'s safety and welfare. It is a waste of judicial resources to remand this case.