# ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-120

AUGUST TERM, 2011

| | |
|---|---|
| In re M.A.V. | } APPEALED FROM: |
| | } |
| | } Washington Superior Court |
| | } |
| | } DOCKET NO. 14-2-10 Wnjv |

In the above-entitled cause, the Clerk will enter:

Mother's notice of appeal was untimely filed and we therefore lack jurisdiction to consider her appeal. Pursuant to V.R.A.P. 4, a notice of appeal must be filed within thirty days of the date of the entry of judgment or order appealed from. Judgment was entered on May 17, 2010, and the notice of appeal needed to be filed by June 16, 2010. It was not filed until June 22, 2010. It is therefore untimely.

We reject counsel's assertion that an order finding a child to be in need of care or supervision (CHINS) is not a final, appealable order. As we have explained, "[a]n appealable order is one that finally disposes of the matter before the court by settling the rights of the parties on issues raised by the pleadings." In re A.D.T., 174 Vt. 369, 373 (2002). In this case, the Department for Children and Families (DCF) alleged that M.A.V. was CHINS. Following a hearing, the trial court agreed and issued an order to this effect. This order finally disposed of the issue of whether M.A.V. is CHINS, and it is a final appealable order. See In re S.H. & D.H., No. 2002-380, slip op. at 2 (Vt. December 2002) (unreported mem.) (reaching similar conclusion). A party need not await, as counsel suggests, the creation of a disposition report by DCF, a disposition hearing, and a disposition order before appealing a CHINS determination. Indeed, we note that counsel does not challenge the disposition order in this appeal. See In re L.S., 147 Vt. 36, 38 (1986) ("The issue for determination at the merits hearing is whether the State can prove the allegations in the petition that a child is in need of care and supervision;" "[t]he issue at disposition is where to place a child found to be in need of care and supervision." (citations omitted)).

We similarly reject counsel's assertion that we should waive our jurisdictional requirements and consider the merits of this appeal "in the furtherance of justice" under 4 V.S.A. § 2(b). The record indicates that M.A.V. has been discharged to father's custody as of February 2011, apparently pursuant to the parties' stipulation in connection with post-divorce proceedings, and the juvenile case has been closed. All future proceedings are to occur in connection with post-divorce proceedings. Given the passage of time and the changed circumstances, we are not persuaded that the furtherance of justice requires us to consider this appeal.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Denise R. Johnson, Associate Justice


_____
Brian L. Burgess, Associate Justice