*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-473

APRIL TERM, 2016

| | |
|---|---|
| In re J.C., Jr. & O.T., Juveniles | } APPEALED FROM: |
| | } |
| | } Superior Court, Washington Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 149/150-12-13 Wnjv |

Trial Judge: Kevin W. Griffin

In the above-entitled cause, the Clerk will enter:

Mother appeals from an order of the superior court, family division, terminating her parental rights with respect to her two children, J.C., Jr. and O.T. We affirm.

The facts are not in dispute. Mother had a difficult childhood that included placement with the Department for Children and Families (DCF) at age fourteen and substance-abuse problems beginning at age fifteen. At the time of the termination-of-parental-rights hearing in March 2015, she had been struggling for over ten years with addictions to alcohol, pills, cocaine, and heroin. When mother was still in high school, she began a relationship with the father of J.C., Jr. J.C., Jr. was born out of that relationship in December 2006. The father was extremely violent to mother, and the relationship ended in the summer of 2007. In 2010, mother began a relationship with the father of O.T. O.T. was born out of that relationship in August 2011. O.T.'s paternal grandparents maintained a very close relationship with the children and cared for them regularly at the request of the parents.

Mother continued to abuse substances during her relationship with the two fathers. The family's living situation deteriorated in 2013. In April 2013, police contacted O.T.'s paternal grandmother when they discovered the children alone and filthy. In May 2013, O.T.'s father moved to North Carolina after mother obtained a restraining order against him. A search of mother's residence by police in September 2013 led to the discovery of stolen property, guns, and illegal drugs. In November 2013, after mother was evicted from her home, she asked O.T.'s paternal grandparents to care for the children. The children have remained with the paternal grandparents ever since.

In December 2013, DCF filed a petition alleging that the children were in need of care or supervision (CHINS). In February 2014, the parties stipulated to an adjudication of CHINS. Two months later, the parties stipulated to the family court's approval of DCF's disposition report and plan of services. The court continued conditional custody of the children with O.T.'s paternal grandmother. The plan of services called for mother to: (1) work cooperatively with DCF and attend team meetings; (2) maintain consistent communication with the children; (3) establish safe and stable housing; and (4) complete a substance abuse assessment and follow all recommendations resulting from the assessment.

Unfortunately, mother was unable to overcome her addictions. She completed a residential drug treatment program in May 2014 but failed to follow through with her aftercare plan. By September 2014, she had fully relapsed and was using heroin and cocaine again through the fall and winter of 2014. She entered the same residential drug treatment program in January 2015, but left the program after ten days and relapsed by using heroin and cocaine on several occasions up to the time of the termination hearing.

In October 2014, DCF sought termination of the parental rights of mother and the two fathers. A two-day contested termination hearing was held in March 2015. Eight months after the hearing, the family court issued a decision granting DCF's petition. Mother is the only party appealing that decision. She argues on appeal that: (1) the family court failed to make findings and conclusions with respect to the first and fourth of the statutory best-interests criteria and therefore failed to adequately explain its decision; and (2) the termination order was unsupported because it was based on evidence that was at least eight months old and therefore not indicative of the family's current circumstances.

When termination of parental rights is sought, the family court is required to consider the best interests of the children "in accordance with" (1) the children's interrelationship with parents, siblings, foster parents and any other person significantly affecting the children's best interests; (2) the children's adjustment to their home, school, and community; (3) the likelihood that the parent will be able to resume parental duties within a reasonable period of time; and (4) whether the parent has played and continues to play a constructive role, including personal contact and demonstrated emotional support and affection, in the children's welfare. 33 V.S.A. § 5114(a).

Mother does not challenge the family court's conclusion that she will be unable to resume her parental duties within a reasonable period of time, which, as she acknowledges, is the most critical of the four best-interests criteria. See In re M.M., 159 Vt. 517, 523 (1993). She argues, however, that the third criteria is not necessarily controlling, and therefore the court's failure to even consider the first and fourth criteria leaves this Court to speculate as to "what was decided and how the decision was reached." E.J.R. v. Young, 162 Vt. 219, 225 (1994) (stating that in proceeding involving removal of child from home, findings are crucial to parties and appellate court to determine how trial court reached its decision) (quotation omitted)). In making this argument, mother relies primarily on In re J.M., 2015 VT 94, ¶ 14, 127 A.3d 921, where we stated that the third best-interests criteria is the most important one, "but not to the exclusion of the remaining statutory criteria." We explained that "although it will undoubtedly be the unusual case, nothing in our statute or decisional law precludes a court from concluding . . . that the balance of factors weighs against a termination of parental rights notwithstanding a parent's inability to resume parental duties within a reasonable period of time." Id.; see also In re J.F., 2006 VT 45, ¶ 13, 180 Vt. 583 (mem.) (observing that "in some cases a loving parental bond will override other factors in determining whether termination of parental rights is the appropriate remedy").

A review of the record demonstrates that this is not one of those unusual cases. Although the better practice would have been for the family court to provide more detailed findings and conclusions on the best-interests criteria, we have little difficulty understanding what the court decided and how it reached its decision. To be sure, the court focused primarily on mother's continued unresolved drug addictions, which led to the removal of the children from her care and is a major factor in preventing her from being able to resume her parental duties within a reasonable period of time. But the court also made findings on mother's inconsistent contact

with the children and her failure to establish stable housing for the children as of March 2015. The court then cited the four best-interests criteria and indicated that it had weighed those criteria in making its decision. It repeated that mother's contact with the children had been inconsistent and further noted that the children had adjusted well in the home of the paternal grandparents, with whom they had developed a close and loving relationship. In short, the court considered, albeit briefly, each of the best-interests criteria, which in turn support its termination decision.

Mother also argues on appeal that because the family court did not issue its decision until eight months after the termination hearing, the evidence upon which it relied did not present the family's current circumstances and therefore did not support the court's findings and order. In making this argument, she relies upon cases in which we required the family court to hold new hearings following reversal of challenged disposition orders to allow the court on remand to consider the current circumstances of the families involved. See In re S.M., 163 Vt. 136, 141 (1994) (reversing denial of termination petition and directing family court to hold new disposition hearing on remand to allow court to consider parents' current circumstances); In re C.B., 162 Vt. 614, 614-15 (1994) (mem.) (vacating disposition order that was based on eight-month-old dispositional report and remanding matter for new disposition hearing); In re M.B., 147 Vt. 41, 45 (1986) (vacating disposition order that was unsupported by findings of fact and remanding matter for new disposition hearing for court to consider family's current circumstances); In re D.P., 147 Vt. 26, 32 (1986) (reversing termination order and remanding matter for new disposition hearing for court to consider current circumstances after lengthy passage of time since original disposition hearing).

This case is entirely different. The issue is whether the evidence of the family's circumstances up until the time of the termination hearing was sufficient to support the family court's termination order. Because we conclude that it was, the termination judgment is affirmed and there will be no remand and no opportunity for new evidence. While the delay is not grounds to change the result in this case, and may in part reflect an understaffed judiciary in the face of dramatic increases in number of juvenile cases, it is very unfortunate in light of its effect on the parties, particularly on the children whose best interest is at stake.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice

3